**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 14-4087**

─────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

RONNIE PIERRE HOLMES,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:13-cr-00278-LO-1)

─────────

Submitted: June 16, 2014         Decided: July 29, 2014

─────────

Before SHEDD, DIAZ, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Stacey K. Luck, Special Assistant United States Attorney, Michael J. Frank, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Pierre Holmes pled guilty, pursuant to a written plea agreement, to sex trafficking of a child, in violation of 18 U.S.C. §§ 1591(a) and 2 (2012). Prior to sentencing, Holmes moved to withdraw his guilty plea, alleging that he was not properly medicated at the time of his plea and that his counsel was ineffective. The court denied the motion and sentenced Holmes to a term of 168 months' imprisonment. Holmes now appeals, challenging the district court's denial of his motion to withdraw his guilty plea.* Finding no error, we affirm.

We review for abuse of discretion the district court's denial of a defendant's motion to withdraw his guilty plea. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). Before sentencing, a defendant may withdraw his guilty plea only by demonstrating "'a fair and just reason'" for withdrawal. United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "[A] 'fair and just' reason for withdrawing a plea is one that essentially challenges

---

* In his brief, Holmes also asserts that the appellate waiver provision in his plea agreement should not bar this court from reviewing his challenge to the denial of his motion to withdraw his plea. The Government has expressly declined to seek enforcement of the waiver, and we decline to enforce it sua sponte. United States v. Jones, 667 F.3d 477, 486 (4th Cir. 2012).

2

. . . the fairness of the Rule 11 proceeding . . . ." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). The defendant bears the "heavy burden" of demonstrating the existence of such a reason. United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted).

A properly-conducted Rule 11 colloquy "raise[s] a strong presumption that the plea is final and binding," and therefore "leaves a defendant with a very limited basis upon which to have his plea withdrawn." Bowman, 348 F.3d at 414 (internal quotation marks omitted). Moreover, a defendant's sworn declarations during the plea colloquy "carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

We have articulated a nonexclusive list of six factors to be considered in determining whether to permit withdrawal of a guilty plea. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). These factors include: (1) whether the defendant has offered credible evidence that his plea was unknowing or involuntary; (2) whether the defendant credibly asserted his legal innocence; (3) the extent of delay between entering the plea and filing the motion to withdraw the plea; (4) whether the defendant enjoyed "the close assistance of competent counsel"; (5) whether withdrawal would prejudice the government; and

(6) whether withdrawal would "inconvenience the court and waste judicial resources."  Nicholson, 676 F.3d at 384.

Upon careful review of the record, we find no abuse of discretion in the district court's conclusion that Holmes failed to meet his burden to demonstrate a fair and just reason for withdrawal.  Rather, we agree with the district court's careful analysis of the Moore factors and resulting conclusion that none of these factors weighed in Holmes' favor.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED